**XU HONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–4563–ag.

United States Court of Appeals,
Second Circuit.

July 26, 2007.

Fengling Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, J. Max Weintraub, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Xu Hong Chen, a native and citizen of China, seeks review of the September 18, 2006 order of the BIA affirming the March 28, 2005 decision of Immigration Judge ("IJ") William P. Van Wyke denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xu Hong Chen*, No. A77 957 414 (B.I.A. Sept. 18, 2006), *aff'g* No. A77 957 414 (Immig. Ct. N.Y. City Mar. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Chen asserted claims for asylum and withholding of removal on two separate bases: violation of China's coercive family planning policy and his Christian faith. These bases will be analyzed separately.

### I. PERSECUTION ON ACCOUNT OF COERCIVE FAMILY PLANNING POLICY

■ When the BIA, in adopting and affirming the IJ's decision, modifies and supplements the IJ's reasoning, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Similarly, when the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, we review the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 293, 296 (2d Cir.2006) (noting that in appeals filed after September 25, 2002, the BIA may only review the IJ's factual findings for clear error, and may not engage in fact-finding); *see also Dong Gao v. BIA*, 482 F.3d 122, 126–27 (2d Cir.2007) (noting that the BIA may not make its own credibility determination).

The IJ found that Chen was not credible as to his claim based on a violation of China's coercive family planning policy. The BIA affirmed the IJ's adverse credibility determination only "insofar as it was properly based on discrepancies in the record," omitting any reference to the IJ's numerous implausibility findings. Case law and federal regulations provide that discrepancies and implausibilities are distinct concepts. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (referring to adverse credibility findings based on "contradictory evidence *or* inherently improbable testimony" (emphasis added)). The BIA's reference to discrepancies alone, as well as its emphasis on three different purported discrepancies, strongly suggest that it did not intend to uphold the IJ's implausibility findings, but rather intended to uphold the adverse credibility determination based largely on reasons other than those cited in the IJ's decision. *See Xian Tuan Ye*, 446 F.3d at 293, 296.

Two of the three findings that the BIA relied on to support a determination that Chen was not credible related to purported discrepancies in the record regarding when Chen knew of his girlfriend's forced abortion. The BIA's findings were based on Chen's airport interview and an omission from his asylum application. However, the IJ made no such findings in his decision, and indeed made not a single reference to Chen's airport interview. In appeals filed after September 25, 2002, as Chen's was, the BIA may only review the IJ's factual findings for clear error, and may not engage in fact-finding. *See id.* at 296 (citing 8 C.F.R. § 1003.1(d)(3)(i), (iv)). Accordingly, it was error for the BIA to identify further purported discrepancies in the record that were not relied on by the IJ. *See also Dong Gao*, 482 F.3d 122, 126–27.

■ What remains of the agency's adverse credibility findings is Chen's discrepant testimony about when his mother visited his girlfriend's house and when he learned of this visit. While Chen's testimony was inconsistent, the effect of this inconsistency was "less than substantial" given that it dealt with matters that were not central to his claim of persecution. *Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (internal quotation marks omitted). Furthermore, the sole discrepancy noted by the agency was minor and isolated, and Chen's testimony was otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

Because the agency's adverse credibility determination was supported only by a single, minor inconsistency that bore little nexus to Chen's claim, it was not supported by substantial evidence. *See, e.g., Secaida–Rosales*, 331 F.3d at 307. In his decision, the IJ indicated that credibility was the crucial issue in Chen's case, and that he believed that Chen had otherwise established eligibility for asylum. Given that substantial evidence does not support the adverse credibility determination, and given the IJ's indications that he would grant Chen's claim if he were credible, it cannot be confidently predicted how the agency would decide Chen's asylum claim absent the errors in its analysis. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 336–40 (2d Cir.2006). Accordingly, we remand Chen's asylum claim to the BIA insofar as it relates to persecution on account of resistance to China's coercive family planning policy. In addition, because the standard for withholding of removal is similar to that for asylum, we also remand Chen's withholding claim on this basis. 8 U.S.C. § 1231(b)(3); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

## II. PERSECUTION ON ACCOUNT OF RELIGION

■ The agency denied Chen's asylum and withholding claims on the basis of his religion because he had not alleged harm sufficient to constitute past persecution and because information about conditions in China did not provide an objective basis for a well-founded fear of future persecution. In order to constitute "persecution," the harm or suffering alleged must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). The single incident to which Chen testified was not severe enough to rise to the level of past persecution. Regarding Chen's fear of future persecution, while the State Department's 2002 International Religious Freedom Report provided some evidence that certain Christian groups in China are subject to harassment, church closures, and even arrest and detention, this evidence was not so overwhelming that no reasonable adjudicator could fail to find that Chen had established a discernable

possibility of persecution on account of his religion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Diallo,* 232 F.3d at 284. Accordingly, we will not disturb the agency's decision to deny Chen's asylum claim on the basis of his religion.

Moreover, as Chen failed to meet his burden of proof for asylum, he has failed to meet the higher burden of proof required for withholding insofar as it pertains to his claim on the basis of religion. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Chen failed to sufficiently challenge the agency's denial of CAT relief before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

## III.  CONCLUSION

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).